_____

No. 96-1817
_____

Michael A. Weed,                        *
                                        *
          Appellant,                    *
                                        *  Appeal from the United States
     v.                                 *  District Court for the
                                        *  District of Minnesota.
International Business                   *
Machines Corporation,                   *        [UNPUBLISHED]
                                        *
          Appellee.                     *


                            _____

               Submitted:  October 4, 1996

                   Filed:  October 10, 1996
                            _____

Before BOWMAN, BEAM, and HANSEN, Circuit Judges.

                            _____

PER CURIAM.


     Michael A. Weed filed an action in November 1995, claiming that his
1991 discharge from International Business Machines Corporation (IBM)
constituted a breach of his employment contract, and that IBM had violated
the Employee Polygraph Protection Act of 1988 (Polygraph Act), 29 U.S.C.
§§ 2001-2009 (1994).  The polygraph claims were based on events that took
place during the discovery stage of an earlier federal lawsuit Weed had
filed against IBM.  Weed subsequently filed an amended complaint adding
three additional claims based on the circumstances surrounding his
separation from IBM.  The District Court[1] granted IBM summary judgment.
Weed appeals, arguing that the District Court should not

_____

    [1]The Honorable James M. Rosenbaum, United States District
Judge for the District of Minnesota.

have treated IBM's motion as one for summary judgment; that the Court erred when it held his claims were barred by res judicata and collateral estoppel; and that he stated a claim under the Polygraph Act.

We conclude the District Court correctly treated IBM's motion to dismiss as one for summary judgment, because the parties submitted and the Court considered materials outside the pleadings.  We agree with the District Court that res judicata barred Weed's separation-related claims, including those claims he sought to add in his amended complaint.  See Weed v. International Business Machs. Corp., No. 95-1099, 1995 WL 437937, at *1 (8th Cir. July 26, 1995) (unpublished per curiam) (affirming grants of summary judgment and judgment as a matter of law in case based on Weed's separation from IBM), cert. denied, 116 S. Ct. 975 (1996).  We also agree with the District Court that Weed failed to state a claim under the Polygraph Act.

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.